NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0120n.06

Case No. 21-3459

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|                                                        |     |                                                              |
| ------------------------------------------------------ | --- | ------------------------------------------------------------ |
|                                                        | )   | **FILED** |
|                                                        | )   | Mar 16, 2022 |
|                                                        | )   | DEBORAH S. HUNT, Clerk |
| UNITED STATES OF AMERICA,                              | )   |                                                              |
|                                                        | )   |                                                              |
| Plaintiff-Appellee,                                    | )   |                                                              |
|                                                        | )   | ON APPEAL FROM THE                                           |
| v.                                                     | )   | UNITED STATES DISTRICT                                       |
|                                                        | )   | COURT FOR THE SOUTHERN                                       |
|                                                        | )   | DISTRICT OF OHIO                                             |
| A. PHILIP THOMAS CHRISTIAN                             | )   |                                                              |
| DAUGHERTY, aka Phil Hardaway                           | )   | O P I N I O N                                                |
|                                                        | )   |                                                              |
| Defendant-Appellant.                                   | )   |                                                              |
|                                                        | )   |                                                              |

Before: MOORE, COLE, and NALBANDIAN, Circuit Judges.

COLE, Circuit Judge. A. Philip Thomas Christian Daugherty and three co-defendants were named in a four-count indictment, based on allegations that the group orchestrated a carjacking. Daugherty pleaded guilty to all relevant charges against him except for Count Three of the indictment, which charged him with discharging or aiding and abetting in the discharge of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. The indictment specifically alleged that a firearm was "used, carried, brandished and discharged" during the carjacking. At the bench trial, the district court found that Daugherty's co-defendant discharged a firearm. But, when rendering its verdict, the district court found Daugherty guilty of aiding and abetting the *use* of a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2, with no mention of "discharge" under § 924(c)(1)(A)(iii). At sentencing,

the district court—without objection—sentenced Daugherty to the mandatory term of imprisonment of ten years for the discharge of a firearm, rather than five years for the mere use of one.

Daugherty now argues that this sentence was imposed in violation of *Alleyne v. United States*, 570 U.S. 99 (2013), and that resentencing is required. Because we find no error, we affirm.

## I. BACKGROUND

### A. Factual Background

On November 27, 2018, Daugherty was indicted by a federal grand jury on multiple charges stemming from an incident where he and his co-defendants—Zhaire Evans, Zy'lique Murphy, and Carlos Alvarez—allegedly carjacked an individual. Less than a year later, Daugherty pleaded guilty to carjacking and conspiracy to commit carjacking. But he requested a bench trial as to Count Three, which alleged that Daugherty and Alvarez "knowingly used, carried, brandished and discharged a loaded firearm . . . during and in relation to a crime of violence," specifically, carjacking, "[i]n violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2." (Indictment, R. 27, PageID 125–26.) Accordingly, the parties agreed that the sole issue at trial was whether Daugherty violated 18 U.S.C. § 924(c)(1)(A)(iii), "either as a principal, or as an aider or abettor." (Daugherty Trial Br., R. 161, PageID 875.) A finding that a firearm was "discharged" violation of § 924(c)(1)(A)(iii) results in increased penalties. *Compare* 18 U.S.C. § 924(c)(1)(A)(i) *with* 18 U.S.C. § 924(c)(1)(A)(iii).

Daugherty presented three days' worth of testimony and evidence over the course of nine months. In the end, the district court found Daugherty guilty of Count Three of the indictment based on the following facts:

On the afternoon of July 5, 2018, Daugherty, Evans, Murphy, and Alvarez were hanging out at Alvarez's grandmother's home in Dayton, Ohio. Daugherty brought a gun with him, which

he passed back and forth with Alvarez. At some point, Daugherty left the home to take a shower at a different residence. When he did so, he placed the gun in an abandoned vehicle.

Upon his return, the rest of the group was attempting to arrange transportation from Dayton to Columbus. Alvarez had somehow come to be in possession of the gun. The four decided to make the trip to Columbus by stealing someone's car. The group agreed that the two women, Murphy and Evans, would go to an abandoned house down the street from Alvarez's grandmother's home and use a dating app to lure a person to their location. Once the person arrived, the women would alert the men, who would then take the victim's keys.

Their plan was successful. Sometime around midnight, Niles Isaac arrived at the abandoned home. Daugherty and Alvarez approached him while he spoke with the two women. Alvarez pulled out Daugherty's gun and fired it. After a brief, physical struggle, the men stole Isaac's keys and car, and drove with the women to Columbus.

## B. Procedural History

The government presented two theories on which it contended the district court could find Daugherty guilty: "(1) [Daugherty] personally used the firearm, or (2) [Daugherty] aided and abetted Alvarez's use of the firearm during the carjacking." (Findings of Fact & Conclusions of Law, R. 179, PageID 942.) The district court found that the government "failed to prove beyond a reasonable doubt that [Daugherty] was the person who discharged the firearm during the carjacking." (*Id.* at PageID 942–43.) It did, however, find Daugherty guilty "as an aider and abettor[.]" (*Id.* at PageID 943.) Accordingly, the district court found Daugherty guilty of "the use of a firearm in relation to a crime of violence, pursuant to 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2." (*Id.* at PageID 945–46; Verdict, R. 190, PageID 1041.)

Daugherty's Presentence Investigation Report described Count Three as "Use of a Firearm During and in Relation to a Crime of Violence [18 U.S.C. § 924(c)(1)(A)(iii) and § 2]—a Class A felony, 10 years to life imprisonment consecutive to any other term of imprisonment[.]" (PSR, R. 183, PageID 979 (brackets original).) At sentencing, the district court—without objection—applied the statutory mandatory minimum ten years' imprisonment associated with the discharge of a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(iii), rather than the statutory minimum of five years' imprisonment associated with the mere "use" of a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(i). Daugherty's judgment reflects that he was convicted of "Use of a Firearm During and in Relation to a Crime of Violence," in violation of "18 U.S.C. § 924(c)(1)(A)(iii)[.]" (J. in a Crim. Case, R. 186, PageID 1022.)

Daugherty now contends that was in error. He argues that the district court intentionally and sua sponte chose to find him guilty of the "use" of a firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(i), rather than the indicted conduct of "discharge" of a firearm, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). By applying the mandatory minimum for "discharge" of a firearm, Daugherty asserts that the district court inappropriately found a fact that increased his mandatory minimum sentence that was not found at trial, in violation of *Alleyne*.

## II. ANALYSIS

The parties agree that, because Daugherty failed to object at sentencing, his challenge is reviewed for plain error. *United States v. Young*, 847 F.3d 328, 363 (6th Cir. 2017). "[T]he burden of establishing entitlement to relief for plain error is on [Daugherty] . . . ." *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004). Under plain-error review, there must be a "clear" "error or defect" that "affected the outcome," i.e., caused "prejudice" to the defendant, and then this court "has the *discretion* to remedy the error . . . only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129,

135, 140 (2009) (internal modification, quotations, and citation omitted). "Meeting all four prongs is difficult, as it should be." *Id.* at 135.

*Alleyne* provides "that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." 570 U.S. at 103. In Daugherty's case, we know for certain that whether the gun was discharged was a fact that was submitted to the factfinder and found beyond a reasonable doubt. In a bench trial, "the court must state its specific findings of fact in open court or in a written decision or opinion." Fed. R. Crim. P. 23(c). The district court found that "Alvarez pulled out the firearm and discharged it." (Findings of Fact & Conclusions of Law, R. 179, PageID 941.) The district court also found that Daugherty had knowledge that a firearm would be used during the carjacking because he knew Alvarez had his gun. The district court also found it relevant that Daugherty continued to participate in the carjacking "even after the firearm was discharged." (*Id.* at PageID 944.) The district court subsequently found that Daugherty had aided and abetted Alvarez and was "GUILTY of Count Three of the Indictment—the use of a firearm in relation to a crime of violence, pursuant to 18 U.S.C. § 924(c)(1)(A) and 18 U.S.C. § 2." (Findings of Fact & Conclusions of Law, R. 179, PageID 945–46.)

That the district court described Count Three of the Indictment as "use of a firearm" while referencing the umbrella provision, 18 U.S.C. § 924(c)(1)(A), is of little consequence. An *Alleyne* error is found only where post-trial, judge-found facts are used to increase mandatory minimum sentences. *See Robinson v. Woods*, 901 F.3d 710, 716 (6th Cir. 2018). Because the district court found beyond a reasonable doubt at trial both that a firearm was discharged and that Daugherty had aided and abetted Alvarez in the carjacking, there was no error in sentencing Daugherty to the mandatory minimum of ten years' imprisonment under 18 U.S.C. § 924(c)(1)(A)(iii).

## III. CONCLUSION

For the foregoing reasons, we affirm.